IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MUHAMED SAIHOU CEESAY,**
**A# 070-868-807,**

    Petitioner,

vs.                                                           Case No. 4:18cv600-WS/CAS

**ACTING ATTORNEY GENERAL**
**MATTHEW WHITAKER, and**
**DIRECTOR RONALD D. VITIELLO,**

    Respondents.
_____/

## REPORT AND RECOMMENDATION

In late December 2018, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Service of the petition was directed, ECF No. 4, and after a brief stay of this case due to the lapse in appropriations, ECF Nos. 5-8, the Order which lifted the stay was returned to the Court "as undeliverable." ECF No. 9. The mail return indicated Petitioner was no longer detained at the Wakulla County Jail, and efforts to locate Petitioner were unsuccessful, suggesting Petitioner was no longer detained. *See* ECF No. 10.

Respondents have now filed a motion to dismiss the petition as moot. ECF No. 13. Respondents advise that Petitioner was removed from the United States to Gambia on January 29, 2019. *Id.* at 1; *see also* ECF No. 13, Ex. A. Thus, since Petitioner is no longer in detention, Respondents request that the petition be dismissed.

Attached to the motion is a copy of a Warrant of Removal/ Deportation, ECF No. 13-1, which demonstrates that Petitioner's departure was witnessed by an immigration officer who signed the Warrant. ECF No. 13-1 at 3. Petitioner refused to sign the form. *Id.* Because Petitioner is no longer in custody, this § 2241 petition should be dismissed as moot.

### REPORT AND RECOMMENDATION

In light of Respondents' showing that Petitioner has been removed from the United States, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on March 12, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.